UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-1088<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Roadget Business Pte. Ltd. ("Roadget"), by counsel, for its complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"),[1] states as follows:

## INTRODUCTION

1. Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (*See* http://us.shein.com/.) SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing using SHEIN's original copyrighted works. These sellers appear to operate in

---

[1] As set forth in Roadget's Motion to Seal and for the reasons set forth in its *Ex Parte* Motion for Temporary Restraining Order, temporarily sealing the names of the Defendants, Roadget's copyrighted photographs, and screenshots of Defendants' product offerings, is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the Temporary Restraining Order due to the likelihood that Defendants would quickly modify e-commerce store registration and payment account data, redirect their operations to other seller identification aliases, and transfer assets and funds out of U.S.-based accounts upon receiving notice of this action.

anonymity by providing no personal information. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

2. Roadget is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3. Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

4. Defendants are business entities who, upon information and belief, reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and have sold and continue to sell products to United States consumers, including in Virginia and this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6. This Court has personal jurisdiction over Defendants because Defendants target business activities toward consumers in the United States, including Virginia. Defendants sell to Virginia residents and other United States consumers by setting up and operating e-commerce stores through online platforms. By requesting shipping information from each of the Defendants' Internet stores, Roadget has confirmed that Defendants offer shipping to the United States, including Virginia, and accept payments in U.S. dollars from U.S. bank accounts. Defendants

accept payment from, and sell and ship products to, residents of Virginia. Defendants have sold and continue to sell apparel using unauthorized copies of the Roadget's copyrighted works to residents of Virginia. Defendants have wrongfully injured Roadget in the state of Virginia.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

**Plaintiff and Its Copyrighted Works**

8. Roadget is a private limited company registered in Singapore. Its SHEIN trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products, home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com.

9. The SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion sites in the world and talked-about brands on TikTok and other social media.

10. SHEIN was an early adopter of social media marketing. The SHEIN app became the most downloaded shopping app on Apple's App Store in 2021. The following year, it attained the top spot as the most downloaded application in *any category*, outperforming both TikTok and Instagram. In addition to its total of over 60 million followers on social media, it became the most talked-about brand on TikTok in 2022. Social media influencers' "SHEIN haul" videos displaying their purchases regularly go viral.

11. Through the SHEIN brand, Roadget has invested significant resources in building goodwill and brand recognition by simple word of mouth on social media. It has made a name among regular shoppers. And it has registered various copyrights to protect its original works.

12. Roadget is the registered owner of the copyrighted photographs at issue here (the "Roadget Copyrights"). The registration certificates are attached in Exhibits 1–2. As reflected on those certificates, Roadget is the copyright owner, and its copyright is valid and enforceable. These photographs were taken in-house by individuals employed by Roadget or its affiliated entities, within the scope of their employment. Information about the Roadget Copyrights is provided in Exhibit 3.

13. Each of the Roadget Copyrights is included in product listings on the SHEIN website and/or app. An exemplary SHEIN product listing for each photograph is provided in Exhibit 4.

**Defendants' Unlawful Conduct**

14. Defendants are online sellers on e-commerce platforms. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical to the Roadget Copyrights. The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of its copyrighted photographs. Defendants are among such sellers.

15. Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Roadget Copyrights in the United States without authorization. Defendants' conduct infringes Roadget's copyrights and irreparably harms Roadget.

## COUNT I

**Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants**

16. Roadget incorporates each of the preceding paragraphs, Schedule A, and Exhibits 1–5 as if fully set forth herein.

17. The Roadget Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 *et seq*.

18. Roadget's copyright registrations for the Roadget Copyrights are valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the copyrights for the Roadget Copyrights, including the right to reproduce, prepare derivative works, distribute, and publicly display copies.

19. Roadget has never assigned or licensed the rights to the Roadget Copyrights to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in the Roadget Copyrights to Defendants.

20. Defendants have deliberately and unlawfully copied, reproduced, created derivative works of, adapted, marketed, distributed, and/or publicly displayed the Roadget Copyrights in violation of Roadget's copyrights.

21. Defendants had access to the Roadget Copyrights via the Internet, where the works appear on SHEIN-branded listings for products that SDC (a Roadget-affiliated company) sells online, and the photographs are used to sell SHEIN products.

22. Defendants' images are virtually identical to the Roadget Copyrights. Roadget's original copyrighted photographs are reproduced in Exhibit 5 alongside examples of copies found in Defendants' webstores.

23. Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).

24. Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied photographs.

25. Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

26. Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Roadget prays for the following relief:

1. Judgment in favor of Roadget.

2. Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Roadget Copyrights in any manner without Roadget's express authorization;

    b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which are or were offered or sold in connection with the Roadget Copyrights.

3. Entry of an Order that, upon Roadget's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendants that use the Roadget Copyrights, including in connection with the promotion or sale of goods.

4. Compensatory damages, as well as disgorgement of Defendants' profits.

5. Alternatively, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

6. Pre-and post-judgment interest and attorney's fees and costs.

7. All other and further relief as is just, equitable, and proper.

June 21, 2024

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
Kevin B. Collins (*pro hac vice* application forthcoming)
Yuval Mor (*pro hac vice* application forthcoming)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
kcollins@cov.com
ymor@cov.com

Jonathan M. Sperling (*pro hac vice* application forthcoming)
Phillip A. Hill (*pro hac vice* application forthcoming)
Sara Dennis (*pro hac vice* application forthcoming)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
jsperling@cov.com
pahill@cov.com
sdennis@cov.com

*Attorneys for Plaintiff*