UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>                Plaintiff,<br><br>vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>                Defendants. | Case No.: 1:24-cv-1088 |

**PLAINTIFF ROADGET BUSINESS PTE. LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED CERTAIN DOCUMENTS CONTAINING IDENTIFYING <u>INFORMATION ABOUT DEFENDANTS</u>**

Pursuant to Local Rule 5(C), Plaintiff Roadget Business Pte. Ltd. ("Roadget") respectfully submits this memorandum of law in support of its motion for leave to file the following documents under seal: (1) Schedule A (identifying the Defendants to the above-styled action) and Exhibits 1–5 (certain information identifying Defendants' Internet Store listings) to Roadget's complaint; (2) Roadget's *ex parte* motion for a temporary restraining order (including the attached proposed, the declarations of Tim Wei and Yuval Mor, and the supporting memorandum of law); and (3) Roadget's motion for an order authorizing alternate service of process (including the attached proposed order, the declaration of Yuval Mor, and the supporting memorandum of law). Roadget seeks to seal these documents until the Court has reviewed and ruled on its motion for *ex parte*

1

relief and a temporary restraining order is served on Defendants; Roadget will then move to unseal these documents.  In support of its request, Roadget states the following:

Roadget has filed this action to combat copyright infringement by Defendants, foreign sellers on e-commerce platforms who have obscured their identities using aliases in order to avoid the consequences of their misconduct, including liability for infringement of intellectual property. Roadget is filing, concurrently with this motion, motions for *ex parte* relief, including in the form of a temporary restraining order and related documents that preserve Roadget's ability to obtain relief pending the disposition of this case by, among other things, preventing the destruction of evidence or the transfer of assets away from the identified sellers' accounts in ways that would have the purpose and effect of interfering with the Court's power to grant meaningful relief.

Roadget submits that, in order to protect against such actions by Defendants, it is appropriate to temporarily seal the portions of the Complaint, Schedule A, *ex parte* motion for a temporary restraining order, and motion for an order authorizing alternate service of process that would put Defendants on notice that they are or may be the targets of this suit.  This includes any allegations or attachments that would identify the Defendants by name as well as any allegations that specifically reveal the particular copyrighted works in question, and which Defendants have copied.

Unless this information is temporarily sealed, there is a very real risk that the actual individuals and companies behind Defendants' online accounts will, for all practical purposes, disappear with the fruits of their infringing conduct, leaving Roadget without a remedy.

Per this Court's precedent, sealing these documents is warranted because "competing interests outweigh the interest in access." *U.S. ex rel Carter v. Halliburton Co.*, 2011 WL2077799, at *1 (E.D. Va. May 24, 2011).  Courts frequently seal documents in e-commerce counterfeiting

cases involving intellectual property infringement "[i]n light of the inherently deceptive nature of the illegal infringing e-commerce business" in order to preclude defendants from learning of such cases until the court can restrain defendants' assets. *See, e.g.*, *Sharp Shirter Inc. v. Individuals Identified on Schedule A*, No. 1:22-cv-23468-KMW, ECF No. 17 at 6 (S.D. Fla. Nov. 8, 2022); ; *Dell Inc. v. v. BelgiumDomains, LLC*, 2007 WL 6862341, at *7 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where defendants operated counterfeiting e-commerce scheme because defendants "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of plaintiff's filings"); *Deckers Outdoor Corp. v. Partnerships Identified on Schedule A*, 2013 WL 12314399, at *2 (recognizing that sealing documents is warranted "in order to allow [Plaintiff] time to serve financial institutions and payment hosting services with the TRO without advance warning to the defendants, who likely would seek to transfer the money elsewhere.").  This Court has routinely granted such relief.  *See, e.g.*, *Volkswagen Grp. Of Am. v. Unincorporated Assocs. Identified in Schedule A*, Case No. 1:20-cv-01437, ECF No. 29 (E.D. Va. Dec. 18, 2020)(granting motion to seal certain documents containing identifying information of defendants in an intellectual property infringement lawsuit concerning online counterfeiting); *Animaccord Ltd. v. Individuals Identified on Schedule "A"*, Case No. 22-cv-868, ECF No. 10 (E.D. Va. Aug. 11, 2022) (same); *Volvo Car Corp. v. Unincorporated Assocs. Identified in Schedule A*, No. 1:19-cv-00975, ECF No. 70 (E.D. Va. July 25, 2019) (same); *Juul Labs, Inc. v. Unincorporated Assocs. Identified in Schedule A*, Case No. 1:19-cv-00575, ECF No. 23 (E.D. Va. May 21, 2019) (same).

      Here, Roadget's interest in precluding notice to Defendants of this action outweighs the public's general interest in access to court records, which will be limited only temporarily until the Court reviews and rules on Roadget's request for *ex parte* relief. Roadget has learned that Defendants are engaged in the unlawful copying, distribution, display, and sale of apparel using

images virtually identical to Roadget's copyrighted works within this district, without authorization, through Internet based e-commerce stores and fully interactive commercial Internet websites. Defendants' unlawful acts are causing irreparable injury to Roadget by damaging its reputation, diverting customers, and weakening Roadget's SHEIN brand. As noted in Roadget's complaint, these Defendants' e-commerce stores are all foreign, Chinese sellers. Such Chinese sellers are known to closely monitor counterfeiting and infringement lawsuits such as the instant case via websites like www.sellerdefense.cn and social media (*e.g.*, WeChat).

The sealing of the identified documents is fully within the purview of this Court, so long as the Court "(1) give[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco*, 218 F.3d 282, 288 (4th Cir. 2000). Roadget's public filing of this motion and supporting memorandum of law provides the public with notice and an opportunity to object. Roadget also requests that the identified documents be sealed only temporarily. As explained above, less drastic measures are not available to prevent Defendants from discovering the existence of this lawsuit and modifying e-commerce store registration and payment account data, redirecting operations to other seller identification aliases, and transferring assets and funds out of U.S.-based accounts.

Accordingly, Roadget respectfully requests that the Court grant leave for Roadget to file the identified documents under seal at least until proceedings on Roadget's motions for *ex parte* relief are complete through service of any order the Court may grant and compliance by the served entities.

WHEREFORE, Roadget respectfully requests that the following materials remain under seal until the Court has had the opportunity to rule on Roadget's requests for *ex parte* relief: (1) Schedule A (identifying the Defendants to the above-styled action) and Exhibits 1–5 (certain information identifying Defendants' Internet Store listings) to Roadget's complaint; (2) Roadget's *ex parte* motion for a temporary restraining order (including the attached proposed order, the declarations of Tim Wei and Yuval Mor, and the supporting memorandum of law); and (3) Roadget's motion for an order authorizing alternate service of process (including the attached proposed order, the declaration of Yuval Mor, and the supporting memorandum of law).

June 21, 2024

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Connor Kelley*
Connor Kelley (VA Bar No. 93596)
Kevin B. Collins (*pro hac vice* application forthcoming)
Yuval Mor (*pro hac vice* application forthcoming)
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Telephone: 202-662-6000
kcollins@cov.com
ymor@cov.com

Jonathan M. Sperling (*pro hac vice* application forthcoming)
Phillip A. Hill (*pro hac vice* application forthcoming)
Sara Dennis (*pro hac vice* application forthcoming)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
jsperling@cov.com
pahill@cov.com

5


sdennis@cov.com

*Attorneys for Plaintiff*