IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-1088 |
| | ) |
| THE INDIVIDUALS, CORPORATIONS, | ) |
| LIMITED LIABILITY COMPANIES, | ) |
| PARTNERSHIPS, AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A | ) |
| HERETO, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This Court, having considered the ex parte Motion by Plaintiff Roadget Business Pte. Ltd. ("Roadget") for entry of a temporary restraining order (the "Motion") against the e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"), and for good cause shown, it is hereby ORDERED that the Motion shall be GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that:

1.   Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through,

1

under, or in active concert with them be temporarily enjoined and restrained from:

a. reproducing, distributing copies of, making derivative works of, publicly displaying, or otherwise using the Roadget Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner, including in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Roadget product or not authorized by Roadget to be sold in connection with the Roadget Copyrights; or

b. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Roadget, nor authorized by Roadget to be sold or offered for sale, that were distributed, marketed, advertised, offered for sale, or sold in connection with any of Roadget's copyrighted photographs, including the Roadget Copyrights.

2.  Roadget is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons

2

acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd.("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3

3.  Upon Roadget's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Temu (a "Third Party Provider"), shall, within seven (7) calendar days after receipt of such notice, provide to Roadget expedited discovery, limited to copies of documents and records in such person's or entity's possession or control, sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees,

4

attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Roadget's request, those with notice of this Order, including the Third Party Provider as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Roadget Copyrights.

5. Roadget must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

6. Roadget's sealed Complaint and Schedule A thereto, Roadget's ex parte requests for relief and supporting materials, and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

7. Within fourteen (14) calendar days of entry of this Order, Roadget shall deposit with the Court $10,000, either cash or surety bond, as security, which amount has, in the absence of

adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder. The Clerk of Court shall receive and deposit the funds or bond into the Court Registry.

8.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Eastern District of Virginia Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.  This Temporary Restraining Order without notice is entered on this 8th day of July 2024 and shall remain in effect until July 19, 2024.

10. A hearing is set for a motion for preliminary injunction before the undersigned on Friday, July 19, 2024, at 10:00 a.m.

_Claude M. Hilton_
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July _8_, 2024

6