UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| ROADGET BUSINESS PTE. LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1088 (CMH/WEF) |
| | ) | |
| GUANGZHOULINGHAOFUSHI CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Roadget Business Pte. Ltd.'s Motion for Default Judgment against Guangzhoulinghaofushi Co., Ltd. (also referred to as "Defendant No. 2" or "Pretty Forever"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. 71). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned United States Magistrate Judge is filing with the Court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties. For the reasons set forth below, the undersigned recommends **GRANTING** Plaintiffs' Motion for Default Judgment and ordering the disgorgement of profits, post-judgment interest, and a permanent injunction as requested by Plaintiff.

**Procedural Background Regarding Defendant
Guangzhoulinghaofushi Co., Ltd. (Defendant No. 2)**

On June 21, 2024, Plaintiff filed this lawsuit against Defendants SZCH (Defendant No. 1) and Guangzhoulinghaofushi Co., Ltd., also known as Pretty Forever (Defendant No. 2), alleging copyright infringement in violation of 17 U.S.C. §§ 106 and 501. (Dkts. 1, 7, Compl.).[1]

---

[1] Plaintiff's claim against Defendant No. 1. was dismissed with prejudice after the parties

1

Specifically, Plaintiff alleges that it is the owner of Shein Distribution Company (Shein), a popular "online fashion and lifestyle retailer" that designs and sells, among other things, clothes throughout the United States. (*Id.* ¶ 1). Plaintiff further alleges that it produced and used photographs, including the photograph at issue here, referred to as Photograph No. 2, to market its apparel online, and that Plaintiff is the registered owner and copyright holder of Photograph No. 2. (*Id.* ¶¶ 11-12). Plaintiff claims that Defendant No. 2 is also an online seller of apparel in the United States and that Defendant No. 2 unlawfully copied Photograph No. 2 from Plaintiff's website and then used Photograph No. 2 to sell its clothing line over the Internet. (*Id.* ¶¶ 14-15, 19-22).

Initially, Plaintiff sought and was granted a temporary restraining order and later a preliminary injunction against both defendants. (Dkts. 13, 25, 27, 30, 41, 51). Plaintiff also filed a Motion for Alternative Service of Process. (Dkt. 16). By Order dated August 6, 2024, the District Judge granted in part Plaintiff's request for injunctive relief and granted Plaintiff's request for alternative service. (Dkt. 51). On August 20, 2024, the Clerk of Court issued a summons to Defendant No. 2. (Dkt. 56). On September 4, 2024, Plaintiff filed its Proof of Service affirming that on August 23, 2024, Defendant No. 2 had been served the summons and complaint in accordance with the Court's August 6 Order. (Dkt. 57). Defendant No. 2 failed to answer or file a responsive pleading within 21 days after being served with the summons and complaint as required by Federal Rule of Civil Procedure 12(a). In fact, a review of the record confirms that Defendant No. 2 has never appeared or otherwise participated in these proceedings.

On October 11, 2024, Plaintiff requested entry of default against Defendant No. 2, and Plaintiff's request was supported by a declaration of counsel. (Dkts. 66, 67). On October 16, 2024,

---

reached a settlement. (Dkts. 85, 86). Plaintiff's Motion for Default Judgment is filed solely against Defendant No. 2. (Dkt. 71).

the Clerk of Court entered default against Defendant No. 2 (Dkt. 68) and on October 29, 2024, Plaintiff filed the instant Motion for Default Judgment against Defendant No. 2. (Dkt. 71). On December 6, 2024, the undersigned held a hearing on Plaintiff's Motion for Default Judgment against Defendant No. 2 at which time Plaintiff appeared through counsel and no one appeared on behalf of Defendant No. 2. (Dkt. 84). The undersigned then took the matter under advisement to issue this Report and Recommendation.

## Jurisdiction and Venue

The Court must have both subject matter jurisdiction and personal jurisdiction over Defendant No. 2, and venue in this judicial district must be proper before the Court can render a default judgment.

### A. Subject Matter Jurisdiction

Plaintiff brings this copyright infringement claim pursuant to 17 U.S.C. §§ 106 and 501, which are federal statutes. Therefore, the undersigned finds the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for civil actions arising under federal copyright law.

### B. Personal Jurisdiction

In its Complaint, Plaintiff alleged that Defendant No 2:

> "[T]arget[s] business activities toward consumers in the United States, including Virginia. [Defendant No. 2] sell[s] to Virginia residents and other United States consumers by setting up and operating e-commerce stores through online platforms. By requesting shipping information from [Defendant No. 2's] Internet stores, [Plaintiff] has confirmed that [Defendant No. 2] offer[s] shipping to the United States, including Virginia, and accept[s] payments in U.S. dollars from U.S. bank accounts. [Defendant No. 2] accept[s] payment from, and sell and ship products to, residents of Virginia. [Defendant No. 2 has] sold and continue[s] to sell apparel using unauthorized copies of [Photograph No. 2] to residents of Vrginia. (Dkt. 1, Compl. ¶ 6).

The undersigned recognizes that merely operating a website that is accessible to users in the forum state does not necessarily create personal jurisdiction, while targeting the website to the state, knowingly interacting with residents of the forum state via the website, or deliberately or knowingly selling products into the forum state, may confer personal jurisdiction. *See BGSD v. Sapzeup, LLC*, 2024 WL 688665, at *3-4 (E.D. Pa. Feb. 20, 2024) (on motion for default judgment, no personal jurisdiction over defendant who allegedly used copyrighted images to market and sell apparel on Amazon where there was no allegation suggesting targeting of business at Pennsylvania or selling of products into Pennsylvania but rather only the assertion that its website allowed "consumers, including Pennsylvania residents, to purchase and place orders for its products.").

Here, however, Plaintiff does allege that Defendant No. 2 actually "sold and continue[s] to sell apparel using unauthorized copies of [Photograph No. 2] to residents of Virginia." (*Id*., ¶ 6). Although this allegation lacks factual support, the undersigned finds that it is adequately plead in the context of the overall Complaint and therefore must be taken as true. As a result, the allegation of actual commerce with residents of Virginia when viewed in conjunction with the other factors identified by Plaintiff is sufficient for the Court to find that Defendant No. 2 purposefully and regularly conducted business activity in Virginia such that exercising personal jurisdiction over Defendant No. 2 is consistent with the Virginia Long Arm statute and the Due Process Clause of the federal Constitution.[2] Thus, the undersigned finds that the Court has personal jurisdiction over Defendant No. 2.

---

[2] *See* VA Code Ann. §§ 8.01-328.1(A)(1), (3); *John G. Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 211 Va. 736, 740 (1971) ("It is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause.").

*C. Venue*

Given that Defendant No. 2's residency is concealed by its exclusive online presence, the undersigned cannot find venue in this district to be proper pursuant to 28 U.S.C. § 1391(b)(1). Similarly, the undersigned cannot find on this record that a substantial part of the events or omissions giving rise to the claim occurred in this district, which would confer venue in accordance with 28 U.S.C. § 1391(b)(2). However, the undersigned finds that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3), which provides that "if there is no district in which an action may otherwise be brought as provided in this section, [then a civil action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For the reasons stated above, in this copyright action Defendant No. 2 is subject to the Court's personal jurisdiction.[3]

**Service of Process**

By Order dated August 6, 2024, with respect to service of process, the District Judge ruled that Plaintiff may execute "service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by sending an e-mail to any e-mail addresses provided for [Defendant No. 2] by third parties." (Dkt. 51, ¶ 3). The Court further held that "[t]he combination of providing notice via e-mail, along with any notice that [Defendant No. 2] receive[s] from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise [Defendant No. 2] of the pendency of the action and afford them the opportunity to present their objection." (*Id.*)

---

[3] The undersigned notes that Plaintiff establishes personal jurisdiction in Virginia but does not distinguish between the Eastern District of Virginia and the Western District of Virginia. However, in considering the record as a whole, the undersigned finds it reasonable to conclude that the jurisdictional predicate includes both districts.

On September 4, 2024, Plaintiff filed a Proof of Service along with exhibits establishing email confirmation that it had served Defendant No. 2 with a copy of the Complaint and Summons at an email address "provided by third-party online marketplace platform Temu" (Dkt. 57, ¶ 3), and in so doing served Defendant No. 2 in accordance with the Court's August 6 Order.[4] Therefore, the undersigned finds that Defendant No. 2 was properly served with the Summons and Complaint.

### Defendant No. 2 is in Default

For the reasons stated above, the undersigned finds the jurisdictional requirements to be satisfied, venue to be appropriate, service of process to be lawfully effected, and that Defendant No. 2 failed to answer or file a responsive pleading as required by Federal Rule of Civil Procedure 12(a). For these reasons, the undersigned finds Defendant No. 2 to be in default.

### Facts Deemed Admitted

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. March 26, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Here, the undersigned finds the following facts have been properly pleaded and are therefore deemed admitted.

Plaintiff Roadget Business PTE. Ltd., is a private limited company registered in Singapore. (Dkt. 1, Compl. ¶ 8). Its Shein trademarks are used to sell a variety of products worldwide. (*Id.*). In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products, home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com. (*Id.*).

---

[4] The undersigned notes that Plaintiff served Defendant No. 1 in the same manner as Defendant No. 2. Defendant No. 1 challenged service of process but the District Judge denied Defendant No. 1's motion and found Defendant No. 1 was properly served. (Dkt. 70). Similarly, the undersigned finds Defendant No. 2 to have been properly served.

The Shein brand has significantly increased in popularity over the last several years, becoming one of the most frequently visited fashion sites in the world and discussed brands on TikTok and other social media platforms. (*Id*. ¶ 9).

Shein was an early adopter of social media marketing. (*Id*. ¶ 10). The Shein app became the most downloaded shopping app on Apple's App Store in 2021. (*Id*.). The following year, it became the most downloaded app in any category, outpacing TikTok and Instagram. (*Id*.). Shein has over 60 million followers on social media. (*Id*.). Shein engages social media influencers to publicize their purchases of Shein products. (*Id*.).

Through the Shein brand, Roadget has invested significant resources in building goodwill and brand recognition by simple word of mouth on social media. (*Id*. ¶ 11). It has made a name among regular shoppers. (*Id*.). In addition, it has registered various copyrights to protect its original works. (*Id*.).

Roadget is the registered owner of the copyrighted photograph at issue here (hereinafter referred to as Photograph No. 2) infringed by Defendant No. 2. (*Id*. ¶ 12). The registration certificate for Photograph No. 2 is attached to the Complaint as Exhibit 2 and Photograph No. 2 is attached as Exhibit 3. (*Id*., Exhibit 2, Dkt. 9; Exhibit 3, Dkt. 10). The registration certificate pertaining to Photograph No. 2 is identified by Registration No. VA0002393856, titled sz2305314419359334 with an effective date of May 9, 2024. (*Id*., Exhibit 2, Dkt. 9; Exhibit 3, Dkt. 10). As reflected on the certificate, Roadget is the copyright owner of Photograph No. 2, and Roadget's copyright is valid and enforceable. (*Id*.).

Photograph No. 2 was taken in-house by individuals employed by Roadget or its affiliated entities, who were acting within the scope of their employment. (*Id*. ¶ 12). The Roadget copyright

of Photograph No. 2 is included in the product listing on the SHEIN website and/or app. (*Id*. ¶ 13; Exhibit 4, Dkt. 11). Photograph No. 2 is an original work. (*Id*. ¶ 17).

Roadget has owned and still owns all exclusive rights in Photograph No. 2, including the right to reproduce, prepare derivative works, distribute, and display public copies. (*Id*. ¶ 18). Roadget has never granted any license or rights in Photograph No. 2 to Defendant No. 2. (*Id*. ¶ 19).

Defendant No. 2 is an online seller on e-commerce platforms. (*Id*. ¶ 14). Defendant No. 2 has deliberately copied, displayed, and sold various apparel using an image virtually identical to Photograph No. 2. (*Id*.). The Shein brand inspires many imitators. (*Id*.). Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of its copyrighted photographs. (*Id*.). Defendant No. 2 is one such seller. (*Id*.).

Defendant No. 2 knowingly and willfully manufactured, offered for sale, and/or sold apparel using the copyrighted Photograph No. 2 in the United States without authorization. (*Id*. ¶ 15). Defendant No. 2's conduct infringed upon Roadget's copyright of Photograph No. 2. (*Id*.).

**Federal Rule of Civil Procedure 12(b)(6) Analysis**

Before entering default judgment, however, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. February 5, 2003). The undersigned will accordingly consider Plaintiff's Motion for Default Judgment against Defendant No. 2 as to its claims of copyright infringement under 17 U.S.C. §§ 106 and 501.

The Copyright Act provides that only a copyright owner has exclusive rights to its copyrighted works, and anyone who violates the copyright owner's exclusive rights is infringing.

17 U.S.C. §§ 106, 501(a).  For a claim of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, Plaintiff has sufficiently pled facts to support a claim of copyright infringement under 17 U.S.C. §§ 106, 501(a).  First, Plaintiff has established that Photograph No. 2 is an original work, and that Plaintiff is the owner of a valid copyright for Photograph No. 2 as evidenced by the copyright registration certificate for Photograph No. 2, which is attached to the Complaint as Exhibit 2. (Compl., ¶ 17, Exhibit 2, Dkt. 9).  Therefore, the undersigned finds that Plaintiff is the copyright owner of Photograph No. 2, and Plaintiff's copyright is valid and enforceable.  Second, Plaintiff has established that Defendant No. 2 used an image virtually identical to Photograph No. 2 to sell products to the general public through its e-commerce stores. (*Id*. ¶¶ 14, 15).  Therefore, the undersigned finds that Plaintiff has satisfied the requirements of Fed. R. Civ. P. 12(b)(6) and sufficiently alleged a claim of copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, 501(a).

*Willful Violation*

Plaintiff also alleges that Defendant No. 2 knowingly and willfully infringed Plaintiff's Photograph No. 2 in order to sell merchandise through their e-commerce stores. (*Id*. ¶¶ 15, 23). As Plaintiff correctly notes, infringement is willful "when a defendant acted with actual or constructive knowledge that his actions constituted infringement or recklessly disregarded a copyright holder's rights." *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 649 (E.D. Va. 2011) (citing *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001)). Willful infringement can be inferred from a defendant's conduct.  See *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 308 (4th Cir. 2018) ("[T]he law recognizes willful blindness

as equivalent to actual knowledge."); *Gomez v. Midlo Floors LLC,* 2024 WL 556650, at *9 (E.D. Va Feb 12, 2024) (finding willful infringement because "by virtue of [the infringed image's] placement" on plaintiff's website, it was "reasonable to infer" that plaintiff owned the work).

Here, the facts deemed admitted establish willful infringement by Defendant No. 2. Specifically, the facts deemed admitted support the reasonable inference that Defendant No. 2 obtained Photograph No. 2 from Plaintiff's website that Plaintiff used to sell merchandise online. Plaintiff has also established that Defendant No. 2 then used Photograph No. 2 to sell its own merchandise online. A photograph used on a commercial website to sell goods or services, particularly a photograph such as Photograph No. 2 that on its face appears to have been staged and taken by a professional photographer, would clearly indicate to any reasonable person that a party (and likely the party selling the merchandise) owned the rights to that photograph. By taking Photograph No. 2 from Plaintiff's e-commerce website and using it on its own e-commerce website, it is reasonable to conclude that Defendant No. 2 acted with actual knowledge or with reckless disregard for Plaintiff's exclusive rights to Photograph No. 2. For these reasons, the undersigned finds that Defendant No. 2's infringement of Photograph No. 2 was willful.

However, a finding of willful infringement serves only to increase the maximum award for statutory damages. See 17 U.S.C. § 504(c)(2). Here, Plaintiff is seeking only disgorgement of Defendant No. 2's profits and injunctive relief. (Dkt. 72, pp. 6-7). Therefore, the finding of willfulness has no direct effect on the undersigned's recommendation.

**Remedies**

As noted above, Plaintiff is seeking an award of $478.85 which constitutes the profits from Defendant No. 2's prior infringement, as well as a permanent injunction to prevent future infringement. (Dkt. 72, pp. 6-7).[5]

*A. Disgorgement of Profits Attributable to the Infringement*

17 U.S.C. § 504(b) provides that a "copyright owner is entitled to recover . . . any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."[6] The statute also states that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

The record reflects that Defendant No. 2 sold merchandise using Photograph No. 2 over Temu, a third-party online marketplace platform. (Dkt. 39). The record also reflects that Temu is in possession of $478.85 of revenue generated by Defendant No. 2 through the sale of merchandise using Photograph No. 2. (*Id.*). Defendant No. 2, who is in default, has failed to prove any deductible expenses or that the revenue is attributable to factors other than the copyrighted work

---

[5] In the Complaint, Plaintiff requests injunctive relief, disgorgement of profits as well as compensatory damages, or, in the alternative, statutory damages, pre-and post-judgment interest and attorney's fees and costs. (Dkt. 1). However, at the hearing on December 6, 2024, counsel for Plaintiff represented to the undersigned that he was not seeking compensatory or statutory damages and there is no request for compensatory or statutory damages in Plaintiff's Memorandum in Support of Default Judgment. (Dkt. 72). Similarly, Plaintiff's Memorandum in Support of Default Judgment does not request attorney's fees or address the reasonableness of counsel's rate or hours worked, and therefore the undersigned will assume Plaintiff is withdrawing this request as well. The undersigned assumes this is because, at least in part, Plaintiff recognizes the obvious challenges in collecting money directly from Defendant No. 2.

[6] Here, Plaintiff is not seeking actual damages, only the disgorgement of Defendant No. 2's profits. (Dkt. 72, pp. 6-7). Consequently, no profits were taken into account in computing any actual damages.

as required by 17 U.S.C. § 504(b).  Therefore, the undersigned recommends the Court order the transfer of $478.85 from Defendant No. 2's Temu account to Plaintiff.

    B.  Interest

        i.  *Pre-Judgment Interest*

Plaintiff's Memorandum in Support of Default Judgment does not request pre-judgment interest or address the reasons why pre-judgment interest should be awarded, so again the undersigned will assume Plaintiff is withdrawing this request first made in the Complaint.  Even if Plaintiff were not withdrawing their request for pre-judgment interest, the undersigned finds such an award not to be appropriate under these circumstances because disgorgement of profits standing alone sufficiently compensates Plaintiff for Defendant No. 2's infringement and an additional award of pre-judgment interest would constitute a financial windfall to Plaintiff.  Moreover, the record is not clear as to when the Court should begin to calculate pre-judgment interest and given the modest award requested by Plaintiff, an award of pre-judgment interest seems unnecessary to fully and fairly compensate Plaintiff for Defendant No. 2's infringement.

        ii.  *Post-Judgment Interest*

Plaintiff requests an award of post-judgment interest in its Complaint but does not specifically request post-judgment interest in its Memorandum in Support of Motion for Default Judgment.[7]  Nevertheless, an award of post-judgment interest is appropriate to ensure that Plaintiff receives the proper value of its damages award regardless of when it is able to collect and, post-judgment interest is in fact mandatory under federal law. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *ExxonMobil Oil*

---

[7] Again, the undersigned assumes this is because Plaintiff recognizes the challenges in collecting money directly from Defendant No. 2.

*Corp. v. Black Stone Petroleum Inc.*, 221 F. Supp. 3d 755, 769 (E.D. Va. 2016) (citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F. 2d 1017, 1031 (4th Cir. 1993) ("federal law mandates the awarding of post judgment interest")). Therefore, the undersigned recommends that post-judgment interest be entered with respect to the award of $478.85 representing Defendant No. 2's profit from the infringement of Plaintiff's rights in Photograph No. 2.[8]

### C. Permanent Injunctive Relief

Plaintiff seeks the entry of a permanent injunction against Defendant No. 2 on substantially the same terms as the August 6, 2024 preliminary injunction order. (Dkt. 51). As set forth in greater detail below, Plaintiff seeks an injunction prohibiting the continued infringement of Photograph No. 2. (Dkts. 1, 72.)

The Copyright Act provides that a court may grant "final injunctions . . . to prevent or restrain the infringement of a copyright." *See* 17 U.S.C. § 502(a). To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction.

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

---

[8] The post-judgment interest may be collected only from Defendant No. 2 and not from Temu, the third-party online marketplace platform that is currently in possession of Defendant No. 2's revenue.

The undersigned finds that a permanent injunction is warranted and recommends the Court grant Plaintiff injunctive relief on the terms requested by Plaintiff in its Complaint. (Dkt. 1, at pg. 6). The undersigned further finds the terms of the permanent injunction are properly tailored to prevent further infringement. Plaintiff has satisfied all four elements of the Fourth Circuit test for a permanent injunction.

First, Plaintiff suffered and likely continues to suffer irreparable injury because Defendant No. 2 misappropriated Plaintiff's Photograph No. 2 from Plaintiff's website and Defendant No. 2 then used Plaintiff's Photograph No. 2 to sell the defendant's merchandise online. In the context of copyright infringement, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps*, 492 F.3d at 544.

Second, other remedies available at law are inadequate to compensate Plaintiff. Defendant No. 2 has failed to answer or participate in this litigation in any manner. The lack of a response from Defendant No. 2 demonstrates a threat of continued infringement, as well as a likely refusal to cooperate with any remedy short of a permanent injunction.

Third, the only hardship that would befall Defendant No. 2 by granting Plaintiff's requested permanent injunction would be to require Defendant No. 2 and others who work in concert with Defendant No. 2 to follow clearly established copyright law. Therefore, the balance of hardships weighs in Plaintiff's favor.

Fourth and finally, public interest favors an injunction. An injunction would prevent consumer confusion caused by Defendant No. 2's copyright infringement and would maintain the integrity of Plaintiff's ownership rights in its original work.

## Recommendation

For the foregoing reasons, the undersigned United States Magistrate Judge recommends that Plaintiff Roadget Business PTE. LTD.'s Motion for Default Judgment (Dkt. 71) be **GRANTED** as to defendant Guangzhoulinghaofushi Co., Ltd., also known as Defendant No. 2. Specifically, the undersigned recommends that the Court:

- **GRANT** the Motion for Default Judgment as to copyright infringement under 17 U.S.C. §§ 106 and 501;

- **ORDER** the transfer of $478.85, which constitute profits attributable to the infringement, from Defendant No. 2's Temu account to Plaintiff;

- **DENY** Plaintiff's request for pre-judgment interest;

- **AWARD** Plaintiff post-judgment interest, pursuant to 28 U.S.C. § 1961(a); and

- **GRANT** Plaintiff's request for a permanent injunction restraining Defendant No. 2 and Defendant No. 2's officers, agents, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying Photograph No. 2 in any manner without Plaintiff's express authorization;

    b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Plaintiff which are or were offered or sold in connection with Plaintiff's copyright of Photograph No. 2; and

    c. upon Plaintiff's request, those with notice of this injunction, shall disable and cease displaying any advertisements used by or associated with Defendant No. 2's use of Photograph No. 2, including in connection with the promotion or sale of goods.

**Notice**

Plaintiff is directed to serve by email this Report and Recommendation on Defendant No. 2 within seven (7) days of entry of this Report and Recommendation. Plaintiff is further directed to file a declaration certifying service of this Report and Recommendation on Defendant No. 2 via the Court's electronic filing system within ten (10) days of entry of this Report and Recommendation. The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

*William Fitzpatrick*
WILLIAM E. FITZPATRICK
United States Magistrate Judge

May 6, 2025
Alexandria, Virginia